UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

JAN 29 2026

Nathan Ochsner, Clerk of Court

COSBY SIRINGI,
Plaintiff,

v.

Civil Action No. 4:26-cv-00509

Hon. Keith P. Ellison

VS MEDIA, INC.,
Defendant.

**PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT EARLY, LIMITED DISCOVERY**

## I. INTRODUCTION

Plaintiff Cosby Siringi ("Plaintiff") respectfully moves for leave to conduct early, limited discovery before the Rule 26(f) conference under Federal Rule of Civil Procedure 26(d)(1) for the sole purpose of identifying the sender(s), routing path(s), and authorization chain associated with unsolicited commercial SMS messages that directed traffic to commercial properties associated with VS Media, Inc. ("VS Media" or "Defendant").

Good cause exists because Defendant has stated in writing that liability in this matter turns on attribution data, referral credit, and routing information that are exclusively within Defendant's possession, custody, or control and that Plaintiff cannot obtain without court intervention.

This request is narrowly tailored, procedural in nature, and grounded in Defendant's own stated evidentiary framework.

## II. FACTUAL BACKGROUND

### A. The Unsolicited SMS and Preserved Evidence

Plaintiff received unsolicited commercial SMS messages advertising adult-oriented services. Plaintiff preserved contemporaneous screen recordings documenting the entire sequence of events, including:

- Receipt of the unsolicited SMS;

- User click-through;
- Redirect chains; and
- Ultimate landing on commercial endpoints controlled or operated by, or for the benefit of, VS Media.

Plaintiff provided these recordings and supporting exhibits to Defendant.

B. Defendant's Written Admissions Regarding Attribution and Control

In written correspondence dated January 5, 2026, Defendant stated:

"Since VS Media does not do any text message advertising, the URLs could tell us who DID send you these text messages, as there will be information embedded in the URLs about who would have been trying to claim referral credit."

Defendant further asserted that if a rogue third-party marketer sent text messages without authorization, both parties would have a strong interest in determining that party's identity and preventing further misuse of Defendant's marketing program. Defendant also represented that:

- Attribution is determinative of liability;
- Embedded URL metadata would identify the responsible party;
- Affiliate misuse is possible; and
- Expert analysis may be required to review such data.

At the same time, Defendant declined to voluntarily produce:

- Affiliate identities;
- Referral or attribution logs;
- Redirect or routing records; or
- Authorization records for third-party marketers.

C. Plaintiff's Pre-Suit Good-Faith Efforts

Plaintiff made good-faith efforts to resolve this matter without court involvement by:

- Providing additional exhibits explaining Defendant's affiliate and traffic-acquisition framework;

- Explaining that affiliate mechanics and attribution are discovery issues;

- Offering to resolve the dispute pre-litigation without litigating attribution; and

- Setting reasonable response deadlines.

Defendant did not dispute the existence of affiliates, third-party traffic, or attribution data, but instead proposed a nominal settlement conditioned on a broad release and future notice provisions, while continuing to withhold the very data it identified as necessary to evaluate liability.[1]

III. LEGAL STANDARD

Under Rule 26(d)(1), a party may not seek discovery before the Rule 26(f) conference absent authorization by the Court. The Court may permit early, limited discovery upon a showing of good cause, including where the requested discovery is narrowly tailored, necessary to identify threshold facts essential to case structure, and where the relevant information is uniquely within the defendant's possession or control.

Early discovery is especially appropriate where a defendant denies direct involvement but acknowledges control over attribution or routing systems necessary to identify the responsible actors.

IV. GOOD CAUSE EXISTS FOR EARLY DISCOVERY

A. Defendant Has Created an Asymmetrical Evidence Problem

Defendant has expressly stated that:

- Attribution data exists;

- It is embedded in URLs or referral systems;

- It would identify the sender or affiliate; and

- Plaintiff does not have access to it.

This creates an asymmetry of critical evidence that supports early, limited discovery. Plaintiff cannot reasonably plead or prove affiliate authorization, routing, or attribution without access to Defendant's internal records, records Defendant concedes are relevant to determining responsibility. Absent early discovery, Plaintiff cannot meaningfully amend pleadings, identify

responsible parties, or tailor subsequent discovery, resulting in unnecessary delay and inefficiency.

B. The Requested Discovery Is Procedural, Not Merits-Based

Plaintiff does not ask the Court to decide liability, authorization, damages, or willfulness at this stage. Plaintiff seeks only to identify:

- The sender(s);
- The affiliate(s), if any;
- The campaign(s) associated with the URLs at issue;
- The routing and redirect chain(s); and
- Any authorization relationship(s) between Defendant and the sender(s) or affiliate(s).

These are threshold, case-framing facts squarely within Defendant's control and necessary to structure the pleadings, potential amendments, and subsequent discovery.

C. Defendant's Own Statements Establish Necessity

Defendant cannot simultaneously maintain that:

- Attribution is determinative of liability;
- The relevant data exists;
- The data is internal to Defendant; and
- Plaintiff lacks access to it,

yet oppose narrowly tailored discovery to obtain that data. Defendant's January 5, 2026 email, standing alone, demonstrates that the requested information is necessary and that Plaintiff has no alternative means to obtain it.

D. Early Discovery Is Necessary to Enable Carrier Metadata Analysis and Identify the Proper Attribution Controller

Plaintiff cannot meaningfully request, interpret, or rely upon carrier metadata, including records held by AT&T, without first identifying the entity that controls attribution and routing identifiers associated with the SMS traffic at issue. Carrier records alone do not identify the sender, affiliate, or campaign responsible for a message absent correlation with referral IDs, attribution logs, or routing data maintained by the attribution controller.

Defendants have denied origination, authorization, and control of the alleged SMS campaigns, while asserting that attribution data embedded in URLs or referral systems would identify the responsible sender or affiliate. This places Plaintiff in a procedural impasse: carrier metadata cannot be analyzed without attribution correlation, and attribution cannot be obtained without discovery.

Early discovery is therefore necessary not to establish liability, but to:
(1) determine which entity in the acquisition chain controls attribution and routing data;
(2) identify whether such data is held by Defendant or a third party;
(3) preserve time-sensitive carrier metadata before routine deletion; and
(4) prevent serial litigation by clarifying the proper defendant(s) at the outset.

Without limited early discovery, Plaintiff cannot reasonably amend pleadings, seek carrier records in a targeted manner, or avoid unnecessary delay and duplication, contrary to Rule 1's mandate for the just, speedy, and inexpensive determination of actions.

## V. SCOPE OF REQUESTED EARLY DISCOVERY

Plaintiff seeks leave to serve limited, targeted discovery requests confined to:

- Identification of any affiliates, publishers, or third parties associated with the specific SMS traffic and URLs shown in Plaintiff's exhibits;

- Campaign, referral, and attribution logs related to those URLs;

- Redirect and routing records tied to the documented click-through paths;

- Authorization agreements, policies, or guidelines governing third-party marketers and affiliates during the relevant period; and

- Any carrier, aggregator, or intermediary routing information related to the SMS traffic at issue to the extent maintained by Defendant.

Plaintiff is willing to:

- Limit the time window for such discovery;

- Proceed under an appropriate protective order; and

- Confer with Defendant regarding the precise scope and mechanics of the requested discovery.

## VI. CONCLUSION

Defendant has defined attribution as central to liability while refusing to disclose the information necessary to evaluate that issue. Plaintiff has preserved evidence, acted reasonably, and attempted to resolve the dispute without burdening the Court.

Good cause exists for early, limited discovery narrowly focused on attribution, routing, and authorization.

WHEREFORE, Plaintiff respectfully requests that the Court grant this Motion for Leave to Conduct Early, Limited Discovery and award such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Cosby Siringi
Cosby Siringi
Plaintiff, Pro Se
3011 Hwy 30 W, Ste 101 #129
Huntsville, TX 77340
Email: claims@optoutalliance.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

COSBY SIRINGI,
Plaintiff,

v.                                                          Civil Action No. 4:26-cv-00509

VS MEDIA, INC.,
Defendant.

## PROPOSED ORDER

Upon consideration of Plaintiff's Motion for Leave to Conduct Early, Limited Discovery, the Court finds that good cause exists pursuant to Federal Rule of Civil Procedure 26(d)(1).

Accordingly, IT IS ORDERED that Plaintiff's Motion is GRANTED.

Plaintiff is authorized to conduct early, limited discovery prior to the Rule 26(f) conference for the sole purpose of identifying the sender(s), routing path(s), authorization relationships, and attribution information related to the unsolicited SMS messages and associated URLs described in the Complaint and supporting exhibits.

This authorization is limited to discovery reasonably necessary to identify responsible parties and does not extend to merits discovery, damages discovery, or depositions at this stage.

IT IS SO ORDERED.

Date: _____          _____
                                     THE HONORABLE KEITH P. ELLISON
                                     UNITED STATES DISTRICT JUDGE

Cosby Siringi
Plaintiff, Pro Se
3011 Hwy 30 W, Ste 101 #129
Huntsville, TX 77340
Email: claims@optoutalliance.com
Phone: 936-662-8927

Date: January 27, 2026

Clerk of Court
United States District Court
Southern District of Texas
Houston Division

Re: Cosby Siringi v. VS Media, Inc.
Civil Action No. 4:26-cv-00509

Dear Clerk of Court,

Please find enclosed for filing in the above-referenced matter the following documents:

1. Plaintiff's Proof of Service upon Defendant VS Media, Inc.
2. Plaintiff's Motion for Leave to Conduct Early, Limited Discovery
3. Plaintiff's Proposed Order

Thank you for your assistance in filing these documents. Please docket each item accordingly.

Respectfully submitted,

/s/ Cosby Siringi
Cosby Siringi
Plaintiff, Pro Se

United States Courts
Southern District of Texas
FILED

JAN 29 2026

Nathan Ochsner, Clerk of Court