# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

**COSBY SIRINGI,**
   **Plaintiff,**

**v.**            **Civil Action No.: 26-CV-509**

**VS MEDIA, INC.;**
   **Defendant.**

## DEFENDANT'S MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE PLEAD

1. Plaintiff commenced this action against VS Media, a California corporation, on January 22, 2026. Plaintiff was served with process at its headquarters in California on January 26, 2026. Plaintiff's complaint alleges violations of the Telephone Consumer Protection Act, 47 USC §227 (the TCPA). Plaintiff alleges specific acts which are claimed to violate Federal law and which are alleged to have occurred "over a multi-year period". Plaintiff further alleges that Defendant "transmitted or *caused the transmission of*" text messages violating the TCPA.

2. The TCPA expressly makes unlawful "to make any call" using an "automatic telephone dialing system".

3. Since the plaintiff attaches to the Complaint text messages allegedly made of "caused" to be made by Defendant, each of the alleged messages must be traced and analyzed before Defendant can truthfully admit or deny the allegations of the Complaint, as required by Federal Rules of Civil Procedure Rule 8(b).

4. Federal Rule 6(b) provides that the Court may, without hearing or notice, extend the time for the defendant to Answer for good cause shown, provided that the motion for extension is filed before the expiration of the time to file an answer. The date of service does not count, but the last day does count unless it is a Saturday, Sunday, or Legal Holiday. Here, the final day for

the defendant to answer was February 16, which was a legal holiday. FRCP R 6(a)(1) and R 6(a)(6). Therefore, this motion is filed within the time specified for filing an answer and may be ruled upon without notice. FRCP R 6(b)(1)(A).

5.      Good cause exists for an extension of time. Defendant requires time to trace and verify each of the specific acts alleged to violate Federal law in order to properly answer the Complaint as required by Rule 8.

6.      Further, to the extent that the Complaint does not allege specific acts violating the TCPA the Complaint is subject to a motion to dismiss under Rule 12.

7.      Plaintiff's Complaint contains no information about what act(s) Defendant is alleged to have done to "cause" transmission of the allegedly violative text messages and little information concerning the alleged transmissions themselves other than a few texts attached to the Complaint.

8.      Defendant acted promptly to attempt to verify the facts revealed in the attachments to the Complaint concerning Plaintiff's allegations that it violated 47 USC 227. However, the sparsity of the allegations in the Complaint make such verification much more difficult and additional time is needed.

9.      The Federal Rules of Civil Procedure require Defendant to admit or deny each allegation of part thereof in the plaintiff's Complaint FRCP R 8(b)(1)(B) and 8(b)(4). Such admissions or denials must be made within 21 days after being served with the summons and complaint. FRCP R 12(a)(1)(A)(i).

WHEREFORE, Defendant requests that the Court enter an order extending its time to respond the Plaintiff's Complaint by answer or otherwise for 30 days, until March 19, 2026, and for any other relief it may be entitled to receive.

DATED: February 17, 2026

LEWIS BRISBOIS BISGAARD & SMITH LLP

*/s/ Andrew Pidgirsky*
Andrew Pidgirsky
TX State Bar No. 24013331
Michael Sydow
TX State Bar No. 19592000
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Telephone: 713.659.6767
Fax: 713.759.6830
Andrew.Pidgirsky@lewisbrisbois.com
Michael.Sydow@lewisbrisbois.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2026, the foregoing was filed via the Court's CM/ECF electronic system and served on all parties subscribing thereto.

*/s/ Andrew Pidgirisky*
Andrew Pidgirsky