**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

COSBY SIRINGI,
        **Plaintiff,**

**v.**                                  **Civil Action No.: 4:26-CV-00509**

**VS MEDIA, INC.,**
        **Defendant.**

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

Defendant VS MEDIA INC. files this Response in Opposition to Plaintiff's Motion for Protective Order and respectfully shows the Court as follows:

### I. INTRODUCTION

Plaintiff seeks to delay his properly noticed deposition on the basis that Defendant has allegedly failed to "clarify" its discovery responses. The Motion lacks merit. Defendant has complied with its discovery obligations, including serving its Initial Disclosures pursuant to Rule 26(a) and responding to the limited discovery authorized by the Court. VS's responses to the discovery served by the Plaintiff are completely in accordance with the responses required by the Federal Rules of Civil Procedure. The plaintiff complains that VS did not produce the documents he hoped for. However, VS is not required to produce documents other than those is has in its possession or control. VS has responded that it has no documents in its possession or control responsive to the plaintiff's Request for Production other than those produced. Plaintiff's disappointment that the documents he hoped for are not in VS's possession or control is no basis for a protective order.[1] The plaintiff's request for a protective order should be denied.

---

[1] A pro se party must obey the rules of civil procedure as though he were a licensed lawyer. *Yazdchi v. Am. Honda Fin. Corp*, 217 F. App'x 299, 304 (5th Cir. 2007).

176031588.1

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

The deposition should proceed as noticed.

II. ARGUMENT AND AUTHORITIES

*A. Plaintiff Has Not Shown Good Cause for a Protective Order*

Under Federal Rule of Civil Procedure 26(c), the party seeking a protective order bears the burden of demonstrating good cause and specific prejudice or harm. Plaintiff has not done either.

Plaintiff does not identify any  deficiency in Defendant's disclosures that would prevent him from testifying. Instead, he broadly contends that Defendant has not provided sufficient "clarification." Such generalized complaints are insufficient to support the issuance of a protective order. *Gutierrez v. Benavides*, 292 F.R.D. 401, 403-04 (S.D. Tex. 2013).

The law requires that the plaintiff have a good faith basis for filing suit before he does so. USCS Fed Rules Civ Proc R 11. The plaintiff in this case seems to be worried that his lack of a good faith basis will be evident if he gives testimony under oath.

The plaintiff should be concerned. He has filed three separate suits alleging that separate defendants have violated the Telephone Consumer Protection Act through the same unspecified conduct:

Cause No. 4:25-cv-05509; Cosby Siringi v. Friendfinder Networks, Inc.

Cause No. 4:26-cv-00509; Cosby Siringi v. VS Media, Inc.

Cause No. 4:26-cv-01138: Cosby Siringi v. ICF Technology, Inc., Accretive Technology Group, Inc., and "Does 1-50"

In each of those cases that, between November 2021 and September 2022 he received the same "unsolicited commercial text messages" from "various short codes and sequential phone numbers". see document number 1 in Cause No. 4:25-cv-00509, document number 1 in Cause No. 4:26-cv-1138, and documents numbers 1 and 15 in Cause No. 4:26-cv-00509.

From Siringi's pleadings in the named cases it is clear that he has no clue WHO might have violated the Telephone Consumer Protection Act—he is simply suing everyone he can find hoping that discovery will provide him with facts. This is exactly the kind of conduct that is prohibited by the rules of civil procedure and the reason for the Federal Rules of Civil Procedure:

> "…allowing a plaintiff to forgo giving any indication of the economic loss and proximate cause *that the plaintiff has in mind would bring about harm of the very sort the statutes seek to avoid. Cf H.R. Conf. Rep. No. 104-369, p. 31 (1995) (criticizing 'abusive' practices including the 'routine filing of lawsuits…with only [a] faint hope that the discovery process might lead eventually to some plausible cause of action')"* Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 347 (2005).

After the decision in Dura Pharmaceuticals, the Supreme Court has held in numerous other cases that the rules of civil procedure are to be applied so as to dismiss claims in which the plaintiff has no factual basis at the time of filing:

> "The requirement of pleading…serves the practical purpose of preventing a plaintiff with a 'largely groundless claim' from 'taking up the time of a number of other people, with the right to do so representing an in terrorem increment of the settlement value". *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

And again, in a cause of action different from thos in Dura Pharmaceutical and Twombly, the Supreme Court held that a plaintiff's claim must be "plausible on its face":

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to reliev that is plausible on its face'. (citation omitted) A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Here, VS has already filed a Motion to Dismiss (as did the Plaintiff in *Ashcroft*) which the Court denied. It must be assumed, therefore, that the Court found Siringi's complaint to comply with the Ashcroft requirements. If so, then VS is entitled to know the details of Siringi's claims against it, and Siringi is not entitled to complete his discovery before complying with

VS's discovery requests, including a deposition. Specifically, "discovery by one party does not require any other party to delay its discovery. Fed. R. Civ. Pro. 26(d)(3)(B).

*B. Defendant Has Complied with Its Discovery Obligations*

Defendant has fulfilled its obligations under the Federal Rules and this Court's orders. Specifically:

a.  Defendant served its Initial Disclosures in accordance with Rule 26(a); and

b.  Defendant responded to the limited discovery authorized by the Court, including producing responsive materials within the scope permitted.

c.  Plaintiff's Motion is therefore not based on any failure to provide discovery, but rather on dissatisfaction with the responses received. That is not a valid basis to halt discovery.

*C. Plaintiff's Deposition Is Necessary and Proper*

Plaintiff placed the facts of this case at issue by filing suit. His deposition is a critical component of discovery and is necessary to:

a.  Determine the factual basis of Plaintiff's claims;

b.  Identify the alleged conduct attributable to Defendant; and

c.  Evaluate whether Plaintiff can support the elements of his causes of action.

To date, Plaintiff has not clearly articulated the factual basis tying Defendant to the alleged conduct. The deposition is the appropriate mechanism to obtain that information. Courts routinely deny attempts to delay depositions where, as here, the deposition itself is necessary to clarify the claims and defenses at issue.

Further, Plaintiff's own litigation conduct underscores the need for his deposition. Plaintiff has filed multiple lawsuits arising out of the same or similar alleged conduct – specifically – Case

Nos. 4:26-cv-01138, 4:25-cv-05509, and 4:25-cv-04266 – without clearly identifying the factual basis tying any particular defendant to the alleged wrongdoing. This pattern suggests that Plaintiff is proceeding without concrete, good-faith basis for attributing liability to Defendant in this case. The Federal Rules do not permit a plaintiff to use litigation as a means to search for a viable claim. *See Fed. R. Civ. P. 11(b).* Plaintiff's deposition is therefore necessary to require him to articulate, under oath, the factual basis for his claims and to determine whether those claims can be supported by competent evidence.

*D. Plaintiff Should Not Be Permitted to Delay Discovery*

Allowing Plaintiff to postpone his deposition under these circumstances would undermine the orderly progression of discovery. A plaintiff cannot initiate litigation and then refuse to sit for deposition based on vague complaints about discovery responses. If Plaintiff believes supplementation is required, the proper course is to confer or seek targeted relief—not to unilaterally delay his deposition.

## III. CONCLUSION

Defendant has complied with its discovery obligations, and Plaintiff has failed to demonstrate good cause for a protective order. Plaintiff's deposition is necessary to move this case forward and to evaluate the merits of his claims.

Defendant respectfully requests that the Court deny Plaintiff's Motion for Protective Order and order that Plaintiff's deposition proceed as noticed.

## PRAYER

Defendant prays that Plaintiff's Motion for Protective Order be denied in its entirety, that Plaintiff be ordered to appear for deposition, and for all other relief to which Defendant may be justly entitled.

DATED: May __, 2026                                   LEWIS BRISBOIS BISGAARD & SMITH LLP


/s/ Mercy Obisesan
Michael Sydow
TX State Bar No. 19592000
Andrew Pidgirsky
TX State Bar No. 24013331
Mercy Obisesan
TX State Bar No. 24146472
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Telephone:  713.659.6767
Fax:  713.759.6830
Michael.Sydow@lewisbrisbois.com
Andrew.Pidgirsky@lewisbrisbois.com
Mercy.Obisesan@lewisbrisbois.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2026, the foregoing was served on all parties pursuant to the Federal Rules of Civil Procedure via email and First Class Mail.

*/s/ Mercy Obisesan*
Mercy Obisesan

176031588.1

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR**                    Page | 6
**PROTECTIVE ORDER**