**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| COSBY SIRINGI | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 4:26-cv-00509 |
| | § | |
| VS MEDIA, INC. | § § | Hon. Keith P. Ellison |
| Defendant. | § § | |
| | § | |

## PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH COURT AUTHORIZED ATTRIBUTION AND ROUTING DISCOVERY DIRECTED TO FRIENDFINDER NETWORKS, INC.

Plaintiff Cosby Siringi respectfully moves to compel compliance with Court authorized attribution and routing discovery directed to non-party FriendFinder Networks, Inc. ("FFN").

## I. INTRODUCTION

On March 26, 2026, this Court granted limited early discovery for the purpose of identifying senders, routing paths, authorization relationships, and attribution information related to the unsolicited SMS traffic described in Plaintiff's Amended Complaint. See ECF No. 22.

Pursuant to that order, Plaintiff served a subpoena on FFN seeking records sufficient to identify routing, referral, attribution, affiliate, campaign, monetization, and related session identification information connected to the same SMS traffic pattern and related redirect activity at issue in this case.

This is not speculative discovery.

Plaintiff preserved video evidence showing navigation from the SMS traffic pattern at issue to FFN related platforms and the resulting account creation process. In a separate arbitration briefing, FFN identified and relied upon the same February 4, 2022 account creation session reflected in Plaintiff's preserved evidence.

FFN's own filings therefore corroborate the existence and timing of the specific session for which Plaintiff now seeks narrowly tailored routing, attribution, referral, and credit identification information.

The subpoena does not seek broad merits discovery into FFN's business operations. It seeks records sufficient to identify who routed, referred, processed, authorized, monetized, or received credit for the traffic associated with the already identified session connected to the SMS traffic pattern at issue in this action.

Rather than producing responsive information or meaningfully addressing the narrowly tailored attribution and routing requests, FFN refused compliance, asserted blanket objections, threatened sanctions and attorney's fees, and continued withholding responsive information more than a month after service of the subpoena.

Plaintiff therefore seeks an order compelling FFN's compliance with the Court's previously authorized discovery.

## II. RELEVANT PROCEDURAL HISTORY

On March 26, 2026, the Court entered an order granting limited early discovery. ECF No. 22. The Court specifically authorized discovery concerning sender identity, routing paths, authorization relationships, and attribution information related to the SMS traffic described in Plaintiff's Amended Complaint.

On April 13, 2026, FFN was served through its registered agent with a subpoena issued pursuant to the Court's early discovery order. See Exhibit B.

The subpoena and Attachment A sought narrowly tailored records sufficient to identify attribution, routing, affiliate, referral, campaign, monetization, and related identifying relationships connected to Plaintiff's sessions and resulting account creation activity. See Exhibit A.

On April 27, 2026, FFN served objections refusing compliance. See Exhibit C. In those objections, FFN acknowledged overlap between the allegations in this case and allegations involving FFN related SMS traffic and further acknowledged that Plaintiff seeks substantially similar attribution and routing information. FFN nevertheless refused production, contending that Plaintiff is improperly attempting to obtain information through third party discovery authorized in this matter.

Following FFN's objections, Plaintiff engaged in further conferral efforts through May 2026. See Exhibit D.

In that correspondence, Plaintiff explained that the subpoena seeks electronic production only, that the requests are limited to routing, referral, attribution, affiliate, and credit identification records, and that the February 4, 2022 account creation session was already identified by FFN in its own arbitration briefing.

FFN continued refusing production and continued asserting blanket objections while withholding responsive attribution and routing information.

## III. THE REQUESTED DISCOVERY FALLS WITHIN THE COURT AUTHORIZED DISCOVERY CATEGORIES

The discovery sought from FFN directly concerns the exact categories this Court already authorized Plaintiff to investigate.

Plaintiff's subpoena seeks records sufficient to identify:

• referral and routing relationships

• attribution and affiliate relationships

• campaign and monetization relationships

• credited sessions and transaction relationships

• related identifying information connected to the SMS traffic at issue

The discovery is narrowly limited to Plaintiff's own sessions and related attribution information.

Plaintiff's investigation reflects that the same SMS traffic pattern and related redirect activity described in the Amended Complaint resulted in interactions associated with multiple monetized destinations, including FFN related platforms.

Plaintiff is not seeking generalized merits discovery into FFN's broader business operations. Plaintiff seeks records sufficient to identify who routed, referred, processed, authorized, monetized, or received credit for the traffic associated with the already identified sessions connected to the SMS traffic pattern at issue in this action.

The subpoena therefore falls within the routing, attribution, authorization, and sender identification categories already authorized by this Court in ECF No. 22.

## IV. FFN'S OBJECTIONS DO NOT JUSTIFY COMPLETE NONCOMPLIANCE

FFN primarily argues that:

• the subpoena allegedly contains an improper place of compliance under Rule 45

• the requests supposedly exceed the Court's authorization

• Plaintiff is allegedly attempting to obtain discovery relevant to overlapping litigation involving FFN

None of those objections justifies complete noncompliance.

First, the subpoena seeks electronic production only.

Second, the requests do not exceed the Court's authorization. They are directed to sender, routing, authorization, attribution, affiliate, referral, monetization, and credit identification information associated with the SMS traffic and related sessions described in the Amended Complaint and in the Court's early discovery order.

Third, the fact that overlapping SMS traffic investigations may also relate to separate litigation involving FFN does not eliminate the relevance of the requested discovery here. FFN cannot defeat discovery by asserting that Plaintiff has not yet fully proven the very routing, attribution, referral, and monetization relationships the Court authorized Plaintiff to investigate through limited early discovery. The discovery sought is designed to identify and test those relationships.

In correspondence, FFN characterized the subpoena as improper and accused Plaintiff of misusing discovery, while continuing to withhold responsive information. See Exhibit D. These characterizations do not address whether FFN possesses non-privileged routing, referral, attribution, affiliate, or credit identification records for the already identified account creation session and associated routing activity.

Accusations of "harassment," "abuse," or "tilting at windmills" do not substitute for a valid discovery response under the Federal Rules. The question before the Court is whether the subpoena seeks non-privileged, relevant information proportional to the needs of the limited early discovery authorized in this case. It does.

**V. EXHIBITS**

**Exhibit A**

Attachment A requests served on FriendFinder Networks, Inc., reflecting the narrowly tailored scope of the requested attribution and routing discovery.

**Exhibit B**

Proof of service showing service on FFN's registered agent on April 13, 2026.

**Exhibit C**

FFN's April 27, 2026 objection letter refusing compliance and asserting blanket objections.

**Exhibit D**

Meet and confer correspondence from May 2026 reflecting Plaintiff's conferral efforts and FFN's continued refusal to produce responsive information.

## VI. REQUEST FOR RELIEF

Plaintiff respectfully requests that the Court:

1. Compel FFN to produce responsive, non-privileged documents sufficient to identify routing, attribution, referral, affiliate, monetization, campaign, credited session, and related identifying relationships connected to the traffic at issue;

2. Overrule FFN's blanket objections to the extent they seek complete noncompliance with the Court's authorized discovery;

3. Require production by a date certain;

4. Grant such additional relief as the Court deems just and proper.

Dated: May 19, 2026

Respectfully submitted,

*/s/ Cosby Siringi*
COSBY SIRINGI
Plaintiff, Pro Se
claims@optoutalliance.com
3011 Hwy 30 W, Ste 101 #129
Huntsville, TX 77340

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served on all counsel of record on May 19, 2026, by electronic filing through the Court's CM/ECF system.

Dated: May 19, 2026

Respectfully submitted,

*/s/ Cosby Siringi*
COSBY SIRINGI
Plaintiff, Pro Se
claims@optoutalliance.com
3011 Hwy 30 W, Ste 101 #129
Huntsville, TX 77340